## Gibbs *ads*. Scott.

*T*HIS was a motion to change the venue in an action of flander, from the County of Albany to Wafhington; founded on the affidavit of the defendant's attorney, ftating that the caufe of action arofe in Wafhington and not elfewhere, &c. *as the plaintiff had informed him,* and he verily believed to be true.

On the part of the plaintiff this was oppofed by a counter affidavit, ftating that " according to his " perfuafion and belief he could not have an impar- " tial trial in the County of Wafhington by rea- " fon of certain local prejudices."

*Per Curiam.* The firft queftion is, whether the affidavit on the part of the defendant ought not to have been made by the defendant himfelf, according to the eftablifhed practice ? As the attorney fwears, however, that the *plaintiff confeffed to*

*him* that the caufe of action arofe in Wafhington, and not elfewhere, &c. this may be deemed fuffi-cient; efpecially as the fact is not denied by the plaintiff. As to the counter affidavit, it cannot avail to retain the venue, inafmuch as the defend-ant only fwears to " his perfuafion and belief that " he cannot have a fair trial, by reafon of certain " local prejudices," &c. He ought to have ftated the reafons and ground of his belief, and have laid before the Court the facts and circumftances on which it depends, that they might judge of its pro-bable truth and force. He merely ftates his own conclufions, without ftating alfo the premifes on which his belief is grounded. Vide 3 Burr. 1330. 1335. 1 Sellon Prac. 269.

Motion granted.